IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 25-140 |
| WHOOP, INC., | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omni MedSci, Inc., ("Omni") filed this patent infringement lawsuit alleging that defendant Whoop, Inc., infringes United States Patent Nos. 9,055,868 ("the '868 patent"); 9,651,533 ("the '533 patent"); 10,517,484 ("the '484 patent"); 10,874,304 ("the '304 patent"); 11,160,455 ("the '455 patent"); and 12,193,790 ("the '790 patent"). Dkt. No. 1. Three months later, Omni filed its first amended complaint, in which it asserted those same six patents and added one new one, United States Patent No. 12,268,475 ("the '475 patent"). Dkt. No. 11. Whoop has moved to dismiss Omni's allegations of contributory, induced, and willful infringement. Dkt. No. 15. For the reasons set forth below, the motion is granted-in-part and denied-in-part.

**I.  Background**

The following background is based on the factual allegations set forth in Omni's first amended complaint, which I accept as true for purposes of this motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The asserted patents are all directed to devices that perform similar functions. In particular, those devices consist of smart wearable devices that can measure certain of the user's physiological conditions. Omni has alleged that Whoop makes

1

and sells similar devices and that those devices infringe various claims of each of the asserted patents. Dkt. No. 11 at ¶ 95.

Omni has alleged that Whoop had notice of Omni's asserted patents and Whoop's likely infringement of those patents from at least the time of the service of the original complaint in this case. *Id.* at ¶ 84. Omni has also alleged that Whoop has had knowledge of the '868 patent and its potential infringement since June 30, 2023, when the '868 patent was asserted against Whoop in a different action, which was subsequently dismissed. *Id.* at ¶ 85–88. Omni has further alleged that after that lawsuit, Whoop monitored and investigated other litigation involving patents invented by Dr. Islam, who is the named inventor of the patents asserted here, including an action filed on December 20, 2024, in which each patent at issue here was asserted against devices similar to Whoop's devices. *Id.* at ¶¶ 89–94.

In Count I of its amended complaint, Omni alleged that Whoop directly infringes at least claims 7 and 9 of the '868 patent. Whoop does not challenge the sufficiency of those allegations in its motion to dismiss. In Counts II through VII of its amended complaint, Omni alleged that Whoop directly or indirectly infringes certain claims of the '533 patent, the '484 patent, the '304 patent, the '455 patent, the '790 patent, and the '475 patent. For each patent, Omni made similar allegations that Whoop had knowledge of the patent and its infringement as of the date the initial complaint was served, and that Whoop actively induces its users to infringe the asserted patents by providing technical support, manuals, online documentation, marketing, and advertising relating to the allegedly infringing devices. *Id.* at ¶¶ 110, 123, 137, 150, 164, 175. Omni similarly alleged that Whoop sells software designed for use with the wearable devices such that normal usage of the devices infringes the patents. *Id.* And for each patent except the '790 patent, Omni alleged that Whoop contributes to its end users' infringement by selling products that are usable

2

with the infringing devices but are not staple articles or commodities of commerce suitable for substantial non-infringing uses. *Id.* at ¶¶ 112, 125, 139, 152, 177. Finally, Omni alleged that Whoop has engaged in willful infringement of the asserted patents because Whoop continues to engage in, induce, and contribute to infringing actions, despite having knowledge of the patents and the likely infringement of those patents. *Id.* at ¶¶ 111, 124, 138, 151, 165, 176. Omni has since dropped its allegations relating to the '475 patent. Dkt. No. 20.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." The Third Circuit has instructed district courts to conduct a "two-part analysis" in evaluating a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court must separate the factual and legal elements of the claims. *Id*. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210–11. Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III.  Discussion

### A.  Knowledge of the Patents

Both "induced infringement [and] contributory infringement require[ ] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Similarly, to sufficiently allege willful infringement, a "complaint must allege that the accused infringer knew

3

of the asserted patent, and knowingly or intentionally infringed the patent after acquiring that knowledge." *Robocast, Inc. v. Netflix, Inc.*, 640 F. Supp. 3d 365, 371 (D. Del. 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378–79 (Fed. Cir. 2020)).

Whoop argues that Omni has not alleged facts from which it can plausibly be inferred that Whoop had knowledge of the '533 patent, the '484 patent, the '304 patent, the '455 patent, and the '790 patent (collectively, "the '533 patent family") prior to the filing of the original complaint. Dkt. No. 16 at 7. In response to Omni's argument that Whoop is chargeable with knowledge of the asserted patents as of the filing date of the original complaint, Whoop cites *ZapFraud, Inc. v Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021), in which the court held that a complaint cannot be the basis for a finding that the defendant had notice of the patents and the likelihood of infringement as those findings related to willful infringement.

Omni contends that this court should hold that the initial complaint in this case served to provide notice to Whoop of the patents and the likelihood of its infringement of those patents, and that Whoop's reliance on *ZapFraud* should be disregarded because *ZapFraud* does not represent the majority view on that issue. Dkt. No. 21 at 6–7. Even if the initial complaint cannot serve as such notice, Omni argues, the amended complaint still contains sufficient allegations that Whoop had knowledge of the patents and its likely infringement prior to the filing of the amended complaint. *Id.* at 1–5, 8.

There is no dispute that Whoop had notice of the asserted patents and Whoop's possible infringement of those patents as a result of the filing of the original complaint and the first amended complaint. But as the parties' briefs recognize, district courts are currently divided as to whether allegations of willfulness are legally sufficient to withstand a motion to dismiss when the knowledge element is based on the filing of the complaint. *See DSM IP Assets, B.V. v. Honeywell*

4

*Int'l, Inc.*, 700 F. Supp. 3d 189, 202–03 (D. Del. 2023) (collecting cases). However, I have taken the position in other cases that a previous complaint can provide legally sufficient notice of the patents that are asserted in that complaint and reasserted in a subsequent amended complaint. As I recently explained:

> I see little difference between (1) the situation in which the defendant becomes aware of its possible infringement via a pre-complaint notice letter from the plaintiff and (2) the situation in which the defendant becomes aware of its possible infringement via the filing of the complaint. In both situations, the defendant has acquired knowledge of the patent and of its possible infringement, and has the choice whether to continue acting in a manner that risks infringement. The only factual difference is whether the plaintiff put the defendant on notice informally (by letter) or officially (by filing a complaint). Yet under the line of cases holding that the complaint cannot serve as notice, the defendant is deemed to have the notice necessary for a finding of willful infringement only in the first situation.
> 
> That said, I agree with the concerns raised by Judge Andrews about allowing a complaint to serve as notice for allegations of willful infringement. In *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345, 2021 WL 4477022 (D. Del. Sept. 30, 2021), he explained that "[w]illful patent infringement is the rare exception, not the rule." *Id.* at *7. He further cautioned that "it should not be the case that every patent infringement lawsuit is automatically a willful infringement case. But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Id.* at *8.
> 
> The Supreme Court has held that a finding of willful infringement and the award of enhanced damages should be limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016). Allowing a complaint to serve as notice of infringement risks permitting the plaintiff to inject willful infringement allegations into nearly every case regardless of whether such allegations are warranted. That outcome is concerning because when a case involves allegations of willful infringement, the plaintiff is able to invite the jury to conclude that the defendant is a "bad actor," which risks prejudicing the jury against the defendant rather than focusing the jury's attention principally on the issue of infringement.

*CRH Medical Corporation, v. MDE Medical, LLC*, 25-95, Dkt. No. 34 at 6–7 (D. Del. Sept. 2, 2025); *see also id.* at 6 n.3 (discussing the divide in the case law and collecting cases); *see also DSM*, 700 F. Supp. 3d at 202–03; *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452, 2019 WL 330515, at *8 (D. Del. Jan. 25, 2019).
5

There is less cause for concern about holding that an initial complaint can serve as notice of induced and contributory infringement beginning as of the date of the initial complaint. Whereas willful infringement allegations inject the issue of whether a defendant is a bad actor into the case, the same cannot be said for indirect infringement. Indeed, even some courts that have not permitted a complaint to serve as notice for purposes of willful infringement allegations have permitted the complaint to serve as notice for indirect infringement claims. *See Wrinkl*, 2021 WL 4477022, at *7. Accordingly, while I side with those courts that have held that references to asserted patents in an initial complaint are sufficient to put the defendant on notice of the patents for purposes of willfulness, I adhere with more conviction to the view that a claim of post-suit indirect infringement in an amended complaint can be based on knowledge obtained from the initial complaint. *See DSM*, 700 F. Supp. 3d at 200 (collecting cases); *Esco Grp. LLC v. Deere & Co.*, No. 20-1679, 2023 WL 4199413, at *7 (D. Del. June 22, 2023) (citing cases).

As for the willful infringement allegations, I will adopt the same approach that I did in the *CRH* case: I will deny the motion to dismiss regarding the "post-suit" knowledge theory, but if Omni lacks any further evidence of willfulness by the time this case gets to the summary judgment stage, I will be disinclined to let Omni present its willfulness allegations to the jury based solely on the fact that Whoop was on notice of its potential infringement as a result of the initial complaint. *See CRH*, Dkt. No. 34 at 8.

As to whether Omni has sufficiently pleaded the requisite knowledge on the part of Whoop prior to the filing of the initial complaint, I agree with Whoop that Omni's allegations are insufficient. First, the fact that Whoop was aware of the individual who is identified as the inventor on each of the patents in the '533 patent family does not plausibly suggest that Whoop was aware of the existence of the patents in that family. *See SoftView LLC v. Apple Inc.*, No. CIV. 10-389,

6

2012 WL 3061027, at *5 (D. Del. July 26, 2012) ("SoftView's vague allegation regarding AT&T's unspecified relationship with SoftView inventor and General Manager Gary Rohrabaugh, without more, is an insufficient basis from which to reasonably infer that AT&T learned of the '353 patent."). Second, the fact that the '868 patent (not a member of the '533 patent family) had previously been asserted against Whoop does not plausibly suggest that Whoop was aware of the '533 patent family. *See Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar."). And the fact that the '868 patent was asserted along with the patents in the '533 patent family against a different defendant unrelated to Whoop does not plausibly suggest that Whoop was aware of the '533 patent family. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012); *SoftView*, 2012 WL 3061027, at *6. Finally, Omni's conclusory allegation that Whoop monitored and investigated the patent portfolio is insufficient to withstand a motion to dismiss. *See Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1098 (N.D. Cal. 2022).

     Omni argues that even if each of those allegations fails on its own, the combination of the allegations is sufficient to survive a motion to dismiss. Dkt. No. 21 at 9. I disagree. In support of its argument, Omni cites *SoftView*, 2012 WL 3061027, and *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, No. CV 20-1646, 2021 WL 3526178 (D. Del. Aug. 11, 2021). *Ravgen* is inapplicable because the defendants in *Ravgen* admitted that they had pre-suit knowledge of the patents. 2021 WL 3526178, at *3. And unlike in *SoftView*, Omni has made no allegation linking Whoop to any specific patent in the '533 patent family. At best, Omni has alleged only that Whoop knew of the inventor, his '868 patent, and that he might have other patents. Even taken together, those

allegations do not suggest that Whoop had knowledge of the '533 patent family, which is a critical missing link, as knowledge for indirect infringement and willfulness must consist of knowledge of the particular patent at issue. *See, e.g.*, *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Accordingly, unlike in *SoftView*, the allegations here do not sum to more than their parts. To the extent Omni's infringement theories involving the '533 patent, the '484 patent, the '304 patent, the '455 patent, and the '790 patent are premised on an allegation of knowledge of those patents prior to the filing of the initial complaint in this case, those theories will be dismissed.

### B. Induced Infringement

In addition to its argument on induced infringement regarding the insufficiency of Omni's allegations of knowledge, Whoop argues that the induced infringement claim should be dismissed because Omni has not adequately alleged the requisite intent to induce infringement. Dkt. No. 16 at 7. "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus.*, 869 F.3d at 1379 (cleaned up). Whoop argues that the first amended complaint offers only generic allegations, which are the type of boilerplate allegations that courts have found to be insufficient. Dkt. No. 25 at 5. I disagree.

Although Omni's allegations are not particularly detailed, the allegations are more than a boilerplate recitation of the legal standard. Omni alleges that Whoop provides "instructions, documentation, and other information to customers and end users suggesting they use the Accused Wearable Devices in an infringing manner, including by providing technical support, product manuals, online documentation, marketing, and advertisements." *E.g.*, Dkt. No. 11 at ¶ 110. Omni

makes further allegations about Whoop's software, cloud computing platform, technical support, advertising, promoting, and providing of ongoing support and maintenance. *E.g.*, *id.* Courts addressing allegations having a similar level of specificity have found such allegations sufficient to survive a motion to dismiss. *See, e.g.*, *Telecomm Innovations, LLC v. Ricoh Co.*, 966 F. Supp. 2d 390, 395 (D. Del. 2013); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2016 WL 1643315, at *5 (E.D. Tex. Apr. 26, 2016); *see also In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012). Accordingly, Whoop's motion to dismiss will be denied with respect to the adequacy of the specific intent allegations for the induced infringement claims.

### C. Contributory Infringement

In addition to its argument on contributory infringement regarding the insufficiency of Omni's allegations of knowledge, Whoop argues that the contributory infringement claims should be dismissed because Omni has not adequately alleged that the accused products have no substantial non-infringing uses. Dkt. No. 16 at 13. "To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.

Courts in this district have held that affirmatively alleging "the absence of substantial non-infringing uses is sufficient to plead a claim for contributory infringement." *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 9 (D. Del. 2023); *Jackson v. Seaspine Holdings Corp.*, No. CV 20-1784, 2022 WL 610703, at *7 (D. Del. Feb. 14, 2022); *Express Mobile, Inc., v. Squarespace, Inc.*, No. CV 20-1163, 2021 WL 3772040, at *5 (D. Del. Aug. 25, 2021); *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012); *Merck Sharp & Dohme*

*Corp. v. Teva Pharms. USA, Inc.*, No. CV 14-874, 2015 WL 4036951, at *7 (D. Del. July 1, 2015), *report and recommendation adopted*, 2015 WL 4477699 (D. Del. July 22, 2015). Here, Omni has alleged that the accused devices "are not a staple article or commodity of commerce suitable for substantial non-infringing use." *E.g.*, Dkt. No. 11 at ¶ 112. Such an allegation is sufficient to survive a motion to dismiss.[1] Accordingly, Whoop's motion to dismiss will be denied with respect to the adequacy of the substantial non-infringing use allegations for the contributory infringement claims.

\* \* \* \* \*

Omni requests leave to amend its complaint in the event that any portion of Whoop's motion is granted. Dkt. No. 21 at 19. Whoop opposes Omni's conditional request for leave to amend, arguing that any such amendment would be futile. Dkt. No. 25 at 10. The Third Circuit, however, has instructed that "[u]nder Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Whoop has not shown that any further amendment Omni might make to the complaint would be futile. Therefore, leave to amend will be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] Whoop argues that Omni's allegations—specifically, the allegations involving the pulse rate frequency—are inconsistent with claim language. Dkt. No. 25 at 9. Whoop's argument, however, turns on a factual determination of what the documentation of the accused products shows and potentially the interpretation of claim terms, so it would be premature to resolve that argument at this stage of the litigation.

IT IS SO ORDERED.

SIGNED this 4th day of September, 2025.

                                                  WILLIAM C. BRYSON
                                                  UNITED STATES CIRCUIT JUDGE