IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OMNI MEDSCI, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 25-140 |
| § | |
| WHOOP, INC., § | |
| § | |
| *Defendant.* § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omni MedSci, Inc., ("Omni") filed this patent infringement lawsuit alleging that defendant WHOOP, Inc., ("WHOOP") infringes United States Patent Nos. 9,055,868 ("the '868 patent"); 9,651,533 ("the '533 patent"); 10,517,484 ("the '484 patent"); 10,874,304 ("the '304 patent"); 11,160,455 ("the '455 patent"); and 12,193,790 ("the '790 patent"). Dkt. No. 1. In its first amended complaint, Omni added U.S. Patent No. 12,268,475 ("the '475 patent"). Dkt. No. 11. Omni later dismissed its claims related to the '484 patent. Dkt. Nos. 14, 20. WHOOP filed a motion to dismiss Omni's first amended complaint, which I granted in part and denied in part. Dkt. No. 33. WHOOP has now moved to stay all proceedings in this case pending *inter partes* and post-grant review of the patents in suit. Dkt. No. 36. I will postpone ruling on that motion for the present, pending the decisions by the PTO as to whether to grant or deny the petitions, decisions that the PTO is expected to issue at some point between April 2026 to July 2026, depending on the specific petition at issue. In the meantime, the parties will be expected to continue with the tasks scheduled to be performed under the Scheduling Order in this case, Dkt. No. 43.

1

**1.** As of this time, the Patent and Trademark Office ("PTO") has not granted or denied any of WHOOP's requests for *inter partes* or post-grant review related to the asserted patents.[1] WHOOP notes that it has filed petitions for *inter partes* review of the '533, '304, and '455 patents, and that it plans to challenge the '475 patent "in the next three months or sooner." Dkt. No. 37 at 1. WHOOP has additionally filed a petition for post-grant review of the '790 patent. *Id.* Those challenges, if the petitions are granted, will thus be directed at five of the six patents asserted in this case. In addition, WHOOP represents that all the patents asserted against WHOOP in this case have been challenged in separate *inter partes* review and post-grant review proceedings filed by other defendants that have been accused of infringement by Omni in litigation pending in the Eastern District of Texas. Those petitions are referred to here as the Samsung petitions. Since the time that briefing on the present motion was completed, the PTO completed discretionary review of the Samsung petitions. It referred the petitions for the '533, '304, '455, '790, and '475 patents for merits and non-discretionary considerations review, but discretionarily denied institution of the petition for the '868 patent. Dkt. No. 56 (summarizing the referrals of the non-denied petitions); *Samsung Elecs. Co., Ltd. v. Omni MedSci, Inc.*, IPR2025-01249, Paper No. 16 (P.T.A.B. Dec. 1, 2025) (discretionarily denying institution of the '868 patent).

WHOOP acknowledges that courts generally have not stayed district court litigation before the PTO has determined whether to grant *inter partes* or post-grant review. However, WHOOP argues that in this case the court should make an exception to that general rule because of the particular circumstances relating to the patents at issue here.[2] In particular, WHOOP argues that

---

[1] The PTO has denied one IPR petition filed by an unrelated party, as discussed below.
[2] WHOOP's briefs were filed before the PTO denied institution of the '868 petition, and do not provide arguments for a situation where some, but not all, of the IPR and post-grant review petitions are granted.

2

prior events relating to the patents arising from the '533 patent family[3] make it highly likely that the patents asserted in this case will be reviewed by the PTO and invalidated. In particular, WHOOP notes that "every claim arising from the '533 patent family that has been challenged has been found unpatentable, and the claims challenged in the pending and forthcoming petitions are highly similar to those that have already been found invalid." Dkt. No. 37 at 1. WHOOP adds that the petitions that have been filed relating to that family of patents and the petitions WHOOP intends to file "rely on the same core references over which the '533 patent family claims have already been found unpatentable." *Id.* at 2. WHOOP adds:

> Many of the claims challenged consist entirely of limitations already invalidated by the PTAB [the Patent Trial and Appeal Board] and affirmed by the Federal Circuit. For those patentably indistinct claims, collateral estoppel precludes Omni from even challenging unpatentability before the PTAB. For the challenged claims in the '533 family incorporating limitations not previously considered by the PTAB, the petitions identify prior art teaching each additional limitation.

*Id.*

WHOOP has provided claim charts comparing its challenged claims to the '533 and '484 patent claims that have previously been invalidated through other IPR proceedings. Dkt. No. 37-1 (Appendices A-E). WHOOP further argues that any limitations that have not previously been invalidated are immaterial to patentability and are taught either by the "core references used in the Apple IPRs or by additional highly analogous prior art cited in the [pending] petitions." Dkt. No. 37 at 12. Based on those facts, WHOOP argues that its petitions are "very likely to succeed in invalidating . . . claims asserted in this case," *id.*, and that the likelihood of the petitions being granted, combined with the "nascent stage of this litigation" warrant a pre-institution stay, *id.*

---

[3] The '533 patent, '484 patent, '304 patent, '455 patent, '790 patent, and '475 patent (collectively, "the '533 patent family") are each related through a series of continuations. The '868 patent is unrelated to the '533 patent family.

While WHOOP makes a similar argument relating to the asserted claims of the '868 patent, the PTO's subsequent discretionary denial of institution regarding that patent has undermined the force of WHOOP's argument regarding that patent.

Omni responds that while WHOOP has filed requests for PTO review of most of the patents in suit, it has not done so with respect to the '475 patent. Moreover, Omni points out that although this case was filed on February 3, 2025, WHOOP did not file its petitions for *inter partes* review and post-grant review of various claims of the asserted patents until late September and October of 2025. Omni notes that the PTAB's institution deadline will be in April 2026 for the '533, '304, and '455 patents. Dkt. No. 37 at 5. Omni further contends that in light of recent developments within the PTO, the rate of institution for post-grant petitions is likely to drop significantly from the levels experienced in prior years, making any estimates of the likelihood of a grant of the requests for *inter partes* review and post-grant review in this case significantly lower than WHOOP has suggested. Omni additionally notes that the parallel request for a stay of proceedings in the *Samsung* litigation pending in the Eastern District of Texas was denied. *See Omni MedSci, Inc. v. Samsung Elecs. Co.*, No. 2:24-cv-1070, Dkt. No. 86 (E.D. Tex. Aug. 29, 2025). For those reasons, Omni argues that this court should deny WHOOP's motion to stay this case, or at least deny the motion without prejudice to refiling it after any actual institution decisions are made by the PTO.

**2.** Requests for stays of district court patent litigation pending review proceedings in the PTO have become quite common since the America Invents Act was enacted in 2011. The general rule that courts have developed since that time is that stays may be granted (depending on the circumstances) once PTO review of some or all of the asserted claims is granted, but that stays are almost never granted before such review is instituted. *See Brit. Telecomms. PLC v.*

*IAC/InterActiveCorp*, No. 18-366, 2019 WL 4740156, at *5 (D. Del. Sept. 27, 2019) (collecting cases and noting that "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted").

I have entered a number of orders to that effect while sitting by designation both in this court and in the Eastern District of Texas. *See*

> *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-826, 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019); *IOENGINE, LLC v. PayPal Holdings, Inc.,* Nos. 18-826, 18-452, 2020 WL 419448 (D. Del. Jan. 27, 2020);
>
> *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366, 2019 WL 4740156 (D. Del. Sept. 27, 2019); *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366, 2020 WL 5517283 (D. Del. Sep. 11, 2020);
>
> *CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 17-140, 2019 WL 11023976 (E.D. Tex. Feb. 19, 2019);
>
> *NFC Tech. LLC v. HTC America, Inc.*, No. 13-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015);
>
> *TC Tech. LLC v. Sprint Corp.*, No. 16-153, 2021 WL 4521045 (D. Del. Oct. 4, 2021);
>
> *Dental Monitoring v. Get-Grin Inc*., No. 22-647, 2024 WL 1603403 (D. Del. Apr. 9, 2024);
>
> *Freeny v. Apple Inc.*, No. 13-361, 2014 WL 3611948 (E.D. Tex. July 22, 2014); and
>
> *Trover Grp., Inc. v. Dedicated Micros USA*, No. 13-1047, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015).

WHOOP acknowledges that the approach set forth in those cases is widely followed. WHOOP's claim, however, is that this case is exceptional and that it should join the small handful of cases in which stays have been granted prior to a decision by the PTO to institute post-grant

review or *inter partes* review of some or all of the patents-in-suit in parallel district court litigation. WHOOP argues that this case is exceptional because many of the claims it has challenged in its IPR petitions are "materially indistinguishable" from claims that have already been found invalid in the same, or closely related, patents. Dkt. No. 37 at 9–15; Dkt. No. 44 at 1.

Given the fact that five of the six asserted patents have pending, or soon-to-be-filed, IPR and/or post-grant review petitions, it would be premature at this stage to stay this litigation. WHOOP's motion is therefore denied without prejudice, and the parties are expected to continue with the tasks scheduled to be performed under the Scheduling Order in this case, Dkt. No. 43. WHOOP may renew its request, should it choose to do so, after the PTO issues its institution decision for all of the currently pending Samsung petitions and any currently pending, or forthcoming, petitions filed by WHOOP related to the asserted patents.

IT IS SO ORDERED.

SIGNED this 23rd day of December, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE