IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-140 (WCB) |
| | ) | |
| WHOOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION AND [PROPOSED] ORDER TO AMEND THE AMENDED SCHEDULING (D.I. 111) REGARDING AMENDED AND FINAL CONTENTIONS**

WHEREAS, Plaintiff Omni MedSci, Inc. ("Omni") and Defendant WHOOP, Inc. ("WHOOP") have been meeting and conferring regarding supplementation of their respective discovery responses and contentions;

WHEREAS, the parties agree that good cause exists to amend the Amended Scheduling Order (D.I. 111) and to adopt the schedule for amended and final contentions set forth below, which will resolve the parties' disputes regarding the sufficiency of their initial contentions and streamline the issues in this case;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, by and through the undersigned counsel, subject to the approval of the Court, that:

1. Omni has shown good cause to supplement and amend its infringement contentions to WHOOP under Paragraph 2 of the Amended Scheduling Order (D.I. 111), and the Supplemental and Amended Infringement Contentions served on September 23, 2026 (*see* D.I. 130) shall be the operative infringement contentions in this action.

2. WHOOP shall serve supplemental and amended invalidity contentions, including its contentions under 35 U.S.C. § 112, on or before October 23, 2026.

3. The parties shall exchange final contentions. Omni shall serve its final infringement contentions on or before November 20, 2026. WHOOP shall serve its final invalidity contentions on or before December 4, 2026. The parties' respective final contentions shall be limited to supplements and/or amendments based on (a) new non-public information learned in discovery, or (b) any claim construction ruling by the Court.

4. The final contentions deadlines in Paragraph 3 are without prejudice to either party taking third-party depositions after December 4, 2026, where necessary to accommodate the schedules of non-parties.

5. Omni may take additional discovery reasonably prompted by WHOOP's final invalidity contentions, and WHOOP may take additional discovery reasonably prompted by Omni's final infringement contentions, provided that such discovery is (a) served within fourteen (14) days after service of the other party's final contentions, and (b) limited in scope to any additions or amendments to the final contentions.

6. Except as expressly set forth herein, all other deadlines in the Amended Scheduling Order (D.I. 111) remain unchanged. Nothing herein precludes either party from seeking to amend their contentions for good cause pursuant to Paragraph 4 of the Amended Scheduling Order.

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
Emily L. Skaug (#6921)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com
eskaug@bayardlaw.com

*Attorneys for Plaintiff Omni MedSci, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendant WHOOP, Inc.*

Dated: October 22, 2026

SO ORDERED this ______ day of ___________________, 2026.

______________________________________
UNITED STATES CIRCUIT JUDGE